UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RICHARD K.; and W.K., <br><br> Plaintiffs, <br><br> v. <br><br> BLUECROSS BLUESHIELD OF ILLINOIS; and THE BOEING CONSOLIDATED HEALTH AND WELFARE BENEFIT PLAN (PLAN 635), <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY (DOC. NO. 6)** <br><br> Case No. 2:23-cv-00491 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

W.K. and W.K.'s father, Richard K., brought this action alleging Defendants violated the Employee Retirement Income Security Act of 1974[1] (ERISA) by denying insurance coverage for care W.K. received as a minor.[2]  Because Plaintiffs filed this case using only initials and a partial name, the court ordered them to file a motion for leave to proceed under initials in compliance with the local rules.[3]  Plaintiffs filed a motion to proceed under initials[4] and a sealed notice containing their full names.[5]  According to the motion, Defendants indicated they do not intend to oppose the relief

---

[1] 29 U.S.C. § 1001 et seq.

[2] (*See* Compl., Doc. No. 1.)

[3] (*See* Docket Text Order, Doc. No. 26); DUCivR 10-2.

[4] (Pls.' Mot. for Leave to Proceed Anonymously (Mot.), Doc. No. 30.)

[5] (Doc. No. 31.)

requested.[6]  Because this case involves W.K.'s highly sensitive and personal health information, and the motion is unopposed, Plaintiffs' motion is granted.

LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[7]  "Absent permission by the district court to proceed anonymously, . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[8]  However, Rule 5.2 of the Federal Rules of Civil Procedure provides that minors may be named using initials unless the court orders otherwise.[9]  Additionally, a party may proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity."[10]  In deciding whether to permit anonymity, courts exercise discretion in weighing these privacy interests against the public's interest in access to legal proceedings.[11]

---

[6] (Mot. 1, Doc. No. 30.)

[7] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a) (requiring an action to "be prosecuted in the name of the real party in interest").

[8] *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).

[9] Fed. R. Civ. P. 5.2(a)(3).

[10] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[11] *See id.*

2

ANALYSIS

Where this case involves highly sensitive and personal health information, and the motion is unopposed, the motion is granted.  Plaintiffs' complaint contains sensitive details about W.K.'s personal circumstances and the serious mental health issues W.K. confronted as a minor.[12]  Because this information is "of a highly sensitive and personal nature," W.K. has a strong interest in the protection of W.K.'s identity.[13]  Although W.K. is now an adult, anonymity is warranted where this case relates to care W.K. received as a child.[14]  Additionally, Richard K.'s anonymity is warranted where disclosure of his full name would reveal W.K.'s identity.[15]

Further, public interest in the identities of the parties in this proceeding appears limited.  This case does not involve the sorts of important public issues giving rise to common interest—such as cases "attacking the constitutionality of popularly enacted

---

[12] (*See generally* Compl., Doc. No. 1.)

[13] *Femedeer*, 227 F.3d at 1246 (quoting *Frank*, 951 F.2d at 324).

[14] *See Tony M. v. United Healthcare Ins.*, No. 2:19-cv-00165, 2025 U.S. Dist. LEXIS 18132, at *4 (D. Utah Jan. 31, 2025) (unpublished) (permitting ERISA plaintiff to proceed pseudonymously where the case related to medical care the plaintiff received as a minor); *Doe v. USD No. 237*, No. 16-cv-2801, 2017 U.S. Dist. LEXIS 142435, at *31 (D. Kan. Sept. 1, 2017) (unpublished) ("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis [of whether the plaintiff could proceed pseudonymously].").

[15] *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 U.S. Dist. LEXIS 116054, at *4 (D. Kan. July 12, 2018) (unpublished) (noting a child "and his parents share common privacy interests based on their inseparable relationship," because disclosure of a parent's identity would effectively disclose the child's identity).

legislation."[16]  Instead, this case involves private individuals challenging the denial of insurance benefits for care received by a minor.  Any public interest in this case is limited (at least at this time) to the precedential or persuasive value of the rulings in the case.  The use of initials does not diminish this value.

CONCLUSION

Where this case implicates matters of a highly sensitive and personal nature regarding care received by a minor, and the motion is unopposed, Plaintiffs' motion to proceed under initials[17] is granted.  Plaintiffs may proceed under their initials in this action.

DATED this 16th day of April, 2026.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[16] *See Femedeer*, 227 F.3d at 1246.

[17] (Doc. No. 30.)